UNITED STATES U.S. DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

------------------------------------------------------ X

MICHELLE A. SCHENCK,                      :
                                          :      Civil Action No. 1:21-cv-00659-LJV
                    Plaintiff,            :
                                          :
         -against-                        :
                                          :
UNITED AIRLINES,                          :
                                          :
                    Defendant.            :
                                          :
------------------------------------------------------ X


**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**


Pamela S.C. Reynolds
LITTLER MENDELSON, P.C.
375 Woodcliff Drive, Suite 2D
Fairport, NY  14450
preynolds@littler.com
585.203.3400


*Attorneys for Defendant United Airlines*

# TABLE OF CONTENTS

**PAGE**

PRELIMINARY STATEMENT ........................................................................ 1

I.     RELEVANT PROCEDURAL HISTORY ........................................... 1

II.    RELEVANT FACTUAL BACKGROUND..................................... 2

ARGUMENT ................................................................................................ 5

    A.    PLAINTIFF'S CLAIMS SHOULD BE DISMISSED FOR FAILURE TO STATE A PLAUSIBLE CLAIM ........................................ 5

        1.    All Allegations That Plaintiff Did Not Submit to The EEOC Are Subject to Dismissal Because Plaintiff Has Failed To Exhaust Her Administrative Remedies Regarding Those Claims And They Are Untimely ............................................. 7

        2.    Plaintiff's Claims Alleging Age Discrimination and Wrongful Termination Under the ADEA Should Be Dismissed ............................ 10

        3.    Plaintiff's Claims Alleging Hostile Work Environment Should Be Dismissed.............................................................. 18

        4.    Plaintiff's Claim Alleging Intentional Infliction of Emotional Distress Should Be Dismissed ................................ 21

    B.    PLAINTIFF'S CLAIMS SHOULD BE DISMISSED AS TIME-BARRED ...... 22

    C.    PLAINTIFF'S CLAIMS SHOULD BE DISMISSED BECAUSE THE COURT LACKS PERSONAL JURISDICTION AND VENUE IS IMPROPER.................................................................. 25

        1.    United Airlines is Not Subject to Personal Jurisdiction in this Court. ......................................................... 25

            a.    There is no general jurisdiction over United Airlines................. 27

            b.    There is No Specific Jurisdiction Over United Airlines. ............. 30

        2.    Venue is Not Proper in the Western District of New York ................... 33

            a.    United Airlines Does Not Reside in the Western District of New York.................................................... 35

        3.    None of the Alleged Acts or Omissions Giving Rise to this Litigation Occurred in New York .......................... 36

## TABLE OF CONTENTS
(CONTINUED)

PAGE

CONCLUSION ................................................................................................................... 36

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abboud v. County of Onondaga,*
    341 F. Supp. 3d 164 (N.D.N.Y. 2018) ...................................................................10

*Acosta v. City of N.Y.,*
    No. 11 Civ. 8561, 2012 WL 1509654 (S.D.N.Y. Apr. 26, 2012) ...........................20

*Agher v. Envoy Air Inc.,*
    No. CV 18-6753-R, 2018 WL 6444888 (C.D. Cal. Oct. 12, 2018) ..................30, 32

*Amnay v. Del Labs,*
    117 F. Supp.2d 283 (E.D.N.Y. 2000) .....................................................................25

*Anselm v. Diamond Packaging,*
    No. 14-cv-6388 CJS, 2015 WL 2095774 (W.D.N.Y. May 4, 2015) ................23, 25

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009)..................................................................................... 3, 5, 6

*Atl. Marine Constr. Co., Inc. v. U.S. District Court for the W. Dist. Of Tex.,*
    134 S. Ct. 568 (2013)..............................................................................................34

*Augustus v. Brookdale Hosp. Med. Ctr.,*
    No. 13-cv-5374 (DLI)(RML), 2015 WL 5655709 (E.D.N.Y. Sep. 24, 2015)..........6

*Baguer v. Spanish Broad. Sys., Inc.,*
    No. 04 Civ. 8393, 2010 WL 2813632 (S.D.N.Y. Jul. 12, 2010), *aff'd* 423 F.
    App'x 102 (2d Cir. 2011).......................................................................................12

*Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez,*
    171 F.3d 779 (2d Cir. 1999)....................................................................................30

*Banks v. Am. Airlines,*
    No. 19-CV-04026-JSC, 2019 WL 5579479 (N.D. Cal. Oct. 29, 2019)..................32

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007).................................................................................................5

*Best v. Duane Reade Drugs,*
    No. 14-CV-2648 (CM), 2014 WL 5810105 (S.D.N.Y. Nov. 6, 2014).................7, 8

*Biberaj v. Pritchard Indus.,*
    08 Civ. 07993 (PGG), 2009 WL 10738222 (S.D.N.Y. Sep. 28, 2009) ..................21

*Bisson v. Martin Luther King Jr. Health Clinic,*
  No. 07-5416-cv, 2008 WL 4951045 (2d Cir. Nov. 20, 2008) ..................................6

*BNSF Ry. Co. v. Tyrrell,*
  137 S. Ct. 1549 (2017) .........................................................................................28, 29

*Bohnet v. Valley Stream Union Free School Dist. 13,*
  30 F. Supp. 3d 174 (E.D.N.Y. 2014) ...............................................................14, 15

*Boimah v. Cumberland Farms, Inc.,*
  No. 03-CV-0121, 2005 WL 3671628 (N.D.N.Y. Dec. 30, 2005)............................8

*Bonkowski v. HP Hood LLC,*
  No. 15-CV-4956 (RRM) (PK), 2016 WL 4536868 (E.D.N.Y. Aug. 30, 2016) .....27

*Boonmalert v. City of New York,*
  721 Fed. Appx. 29 (2d Cir. 2018) ....................................................................11, 18

*Boza-Meade v. Rochester Hous. Auth.,*
  170 F. Supp. 3d 535 (W.D.N.Y. 2016) ..................................................................20

*Bristol-Myers Squibb Co. v. Superior Court,*
  137 S. Ct. 1773 (2017)............................................................................................31

*Brown v. Lockheed Martin Corp.,*
  814 F.3d 619 (2d Cir. 2016)....................................................................................29

*Brown v. N.Y.C. Dep't of Educ.,*
  20-CV-2424 (VEC) (OTW), 2021 WL 4943490 (S.D.N.Y. Aug. 31, 2021) .............14, 15, 30

*Burmaster v. Pfizer Inc.,*
  17CV1290V, 2018 WL 5779133 (W.D.N.Y. Apr. 23, 2018)..................................35

*Cassano v. Altshuler,*
  186 F. Supp. 3d 318 (S.D.N.Y. 2016).....................................................................24

*Chanko v. Am. Broad. Companies, Inc.,*
  27 N.Y.3d 46 (2016) ...............................................................................................21

*Chin v. Port Auth. of N.Y. & N.J.,*
  685 F.3d 135 (2d Cir. 2012)....................................................................................10

*Coffey v. Mesa Airlines Inc.,*
  No. CV183688DMGPLAX, 2019 WL 4492952 (C.D. Cal. Apr. 15, 2019),
  *aff'd*, 812 F. App'x 657 (9th Cir. 2020)...................................................................32

*Cold Spring Harbor Lab. v. Ropes & Gray LLP,*
  762 F. Supp. 2d 543,551 (E.D.N.Y. 2011) .......................................................22, 33

*Comcast Corp. v. Nat'l Ass'n of African Am.-Owned Media*,
  140 S. Ct. 1009 (2020) ............................................................................... 11

*Corrado v. N.Y. Unified Court Sys.*,
  163 F. Supp. 3d 1 (E.D.N.Y. 2016) ............................................................. 22

*Cuoco v. Moritsugu*,
  222 F.3d 99 (2d Cir. 2000) ............................................................................ 6

*Daimler AG v. Bauman*,
  571 U.S. 117 (2014) ........................................................................... 28, 29, 30

*DeLorenzo v. Viceroy Hotel Grp., LLC*,
  757 F. App'x 6 (2d Cir. 2018) ..................................................................... 26

*DiGirolamo v. MetLife Grp., Inc.*,
  494 F. App'x 120 (2d Cir. 2012) ................................................................. 11

*DiStefano v. Carozzi N. Am., Inc.*,
  286 F.3d 81 (2d Cir. 2001) .......................................................................... 31

*Doe v. National Conference of Bar Examiners*,
  No. 1:16-cv-264 (PKC), 2017 WL 74715 (E.D.N.Y. Jan. 6, 2017) .......... 26, 27, 28

*Doner-Hendrick v. New York Institute of Technology*,
  No. 11 Civ. 121(SAS), 2011 WL 2652460 (S.D.N.Y. July 6, 2011) .......... 19

*Doroz v. DeIorio's Foods, Inc.*,
  437 F. Supp. 3d 140 (N.D.N.Y. 2020) ........................................................... 8

*Duplan v. City of New York*,
  888 F.3d 612 (2d Cir. 2018) ........................................................................... 9

*Elsevier, Inc. v. Grossman*,
  77 F. Supp. 3d 331 (S.D.N.Y. 2015) ........................................................... 31

*Fahiym Abdul Wasi v. TransUnion*,
  21CV-9900, 2021 U.S. Dist. LEXIS 233182 (S.D.N.Y. Dec. 6, 2021) ...... 34, 35

*Farid v. City of New York*,
  19-cv-03463 (DLI)(RLM), 2021 WL 2012425 (E.D.N.Y. May 20, 2021) ....... 20

*Filippi v. Elmont Union Free Sch. Dist. Bd. of Educ.*,
  No. 09-cv-4675 (JFB)(ARL), 2012 WL 4483046 (E.D.N.Y. Sept. 27, 2012) ...... 13

*Florence v. Studco Bldg. Systems US LLC*,
  No. 14-cv-6426, 2015 WL 2406114 (W.D.N.Y. May 20, 2015) ................ 15

*Frasca v. United States*,
    921 F.2d 450 (2d Cir. 1990)..................................................................23, 24

*Garcia Hamilton & Assocs., L.P. v. RBC Capital Mkts., LLC*,
    466 F. Supp. 3d 692 (S.D. Tex. 2020) .......................................................30

*Gibbs v. Imagined, LLC*,
    No. 11 Civ. 2949, 2013 WL 2372265 (S.D.N.Y. May 30, 2013)...........24

*Gonzalez v. Hasty*,
    802 F.3d 212 (2d Cir. 2015).......................................................................10

*Goodwin v. Solil Mgmt. LLC*,
    No. 10 CIV 5546 KBF, 2012 WL 1883473 (S.D.N.Y. May 22, 2012)....................9

*Gorzynski v. JetBlue Airways Corp.*,
    596 F.3d 93 (2d Cir. 2010)..........................................................................11

*Gregory v. Daly*,
    243 F.3d 687 (2d Cir. 2001)..........................................................................7

*Grimes-Jenkins v. Consol. Edison Co. of New York, Inc.*,
    18 Civ. 1545 (AT), 2019 WL 1507938 (S.D.N.Y. Apr. 5, 2019)...........24

*Gross v. FBL Fin Servs.*,
    557 U.S. 167 (2009)..............................................................................11, 14

*Guerrero v. FJC Sec. Servs.*,
    No. 10 Civ. 9027 (JPO), 2012 WL 2053535 (S.D.N.Y. June 5, 2012) ................8, 9

*Guity v. Uniondale Union Free Sch. Dist.*,
    No. CV 15-5693 (SJF)(AKT), 2017 WL 9485647 (E.D.N.Y. Feb. 23, 2017) .......................20

*Gulf Ins. Co. v. Glasbrenner*,
    417 F.3d 353 (2d Cir. 2005)...................................................................34, 36

*Hamzik v. Office for People with Developmental Disabilities*,
    859 F. Supp. 2d 265 (N.D.N.Y. May 16, 2012)..........................................7

*Hardin v. United Airlines*,
    No. H-20-3893, 2021 WL 3771768 (S.D. Tex. Jul. 15, 2021) ................32

*Head v. Las Vegas Sands, LLC*,
    298 F. Supp. 3d 963 (S.D. Tex. 2018) .......................................................29

*Holmes v. Romeo Enterprises, LLC*,
    No. 15-CV-3915 (VB), 2015 WL 10848308 (S.D.N.Y. Nov. 2, 2015)...................33

*Ingrassia v. Health & Hosp. Corp.*,
130 F.Supp.3d 709 (E.D.N.Y. 2015) ............................................................12, 18

*Kramer v. Vendome Grp. LLC*,
No. 11 Civ. 5245(RJS), 2012 WL 4841310 (S.D.N.Y. Oct. 4, 2012) ......................................7

*Lear v. Royal Caribbean Cruises Ltd.*,
1:20-cv-4660-GHW, 2021 WL 1299489 (S.D.N.Y. Apr. 7, 2021) ........................................31

*Leibowitz v. Bank Leumi Trust Co.*,
152 A.D.2d 169 (2d Dep't 1989) ................................................................21

*Licci v. Lebanese Canadian Bank*,
732 F.3d 161 (2d Cir. 2013) ....................................................................26

*Lively v. WAFRA Investment Advisory Group, Inc.*,
6 F.4th 293 (2d Cir. 2021) ..................................................................11, 13, 16, 17

*McConney v. Amtrak*,
No. 18-CV-05290 (NGG) (RER), 2020 WL 435366 (E.D.N.Y. Jan. 28, 2020) ....................29

*McDonnell Douglas Corp. v. Green*,
411 U.S. 792 (1973) ............................................................................11

*McPherson v. Coombe*,
174 F.3d 276 (2d Cir. 1999) ....................................................................6

*Metro. Life Ins. Co. v. Robertson-Ceco Corp.*,
84 F.3d 560 (2d Cir. 1996) ....................................................................25

*Mohamed v. NYU*,
No. 14cv8373 (GBD)(MHD), 2015 WL 3387218 (S.D.N.Y. May 21, 2015) ........................19

*Murphy v. Bd. of Educ.*,
273 F. Supp. 2d 292 (W.D.N.Y. 2003) ..........................................................12

*Perkins v. Benguet Consol. Mining Co.*,
342 U.S. 437 (1952) ............................................................................28

*Peterec-Tolino v Harap*,
68 A.D.3d 1083 (2d Dep't 2009) ................................................................22

*Piechowicz v. Lancaster Cent. Sch. Dist.*,
17-CV-00845V(f), 2018 WL 10483508 (W.D.N.Y. Mar. 21, 2018) ....................................21

*Powell v. Monarch Recovery Mgmt.*,
15-CV-2162-MKB, 2016 WL 8711210 (E.D.N.Y. Jan. 22, 2016) ..........................26, 27, 35

*Pustilnik v. Battery Park City Auth.*,
No. 18-CV-9446 (RA), 2019 WL 6498711 (S.D.N.Y. Dec. 3, 2019) .................................... 14

*Reich v. Lopez*,
38 F. Supp. 3d 436 (S.D.N.Y. 2014) ..................................................................................... 28

*Rissman v. Chertoff*,
No. 08 Civ. 7352 (DC), 2008 WL 5191394 (S.D.N.Y. Dec. 12, 2008) ................................ 17

*Robinson v. City of Buffalo*,
No. 1:16-cv-00432, 2017 WL 2021528 (W.D.N.Y. May 12, 2017) ................................ 23, 24

*Root v. Corning Community College*,
17-CV-6498 CJS, 2019 WL 368098 (W.D.N.Y. Jan. 30, 2019) ..................................... 23, 24

*Saidin v. New York Dep't of Educ.*,
498 F. Supp. 2d 683 (S.D.N.Y. 2007) ................................................................................... 33

*Sank v. City of N.Y.*,
No. 10-cv-4975, 2011 WL 5120668 (S.D.N.Y. Oct. 28, 2011) ............................................. 14

*Shands v. Lakeland Cent. Sch. Dist.*,
No. 15-CV-4260 (KMK), 2017 WL 1194699 (S.D.N.Y. Mar. 30, 2017) ............................ 7, 8

*Smith v. Reg'l Plan Ass'n, Inc.*,
10 Civ. 5857(BSJ)(KNF), 2011 WL 4801522 (S.D.N.Y. Oct. 7, 2011) ............................... 33

*Sole Resort, S.A. de C.V. v. Allure Resorts Mgmt., LLC*,
450 F.3d 100 (2d Cir. 2006) .................................................................................................. 30

*Sommersett v. City of N.Y.*,
No. 09 CV 5916 (LTS)(KNF), 2011 WL 2565301 (S.D.N.Y. June 28, 2011) ........................ 6

*South v. GoJet Airlines, LLC*,
No. 4:12-cv-00378-JEG, 2013 WL 6253582 (S.D. Iowa Sept. 30, 2013) ............................. 32

*Spiteri v. Russo*,
No. 23 CV 2780 (MKB), 2012 WL 5422180 (E.D.N.Y. Nov. 6, 2012) ................................ 25

*Stepney v. Rochester Hous. Auth.*,
Case # 16-cv-6173, 2018 WL 3110225 (W.D.N.Y. June 25, 2018) ...................................... 23

*Strujan v. Lehman Coll.*,
363 F. App'x 84 (2d Cir. 2010) ............................................................................................... 8

*Thomas v. Janssen Pharms., Inc.*,
2021 WL 3511101 (S.D.N.Y. July 14, 2021) ........................................................................ 34

*Thomas v. N.Y.C. Dep't of Educ.*,
   938 F. Supp. 2d 334 (E.D.N.Y. Mar. 29, 2013).......................................................................22

*Thompson v. ABVI Goodwill Servs.*,
   No. 12-cv-6212 CJS, 2013 WL 505491 (W.D.N.Y. Feb. 8, 2013), *aff'd* 531
   Fed. Appx. 160 (2d Cir. 2013) ..................................................................................11, 17, 18

*Trachtenberg v. Department of Educ. of the City of New York*,
   937 F. Supp. 2d 460 (S.D.N.Y. 2013)...............................................................................19, 20

*Valenti v. Massapequa Union Free Sch. Dist.*,
   No. 09-CV-977, 2012 WL 1038811 (E.D.N.Y. Mar. 28, 2012)............................................13

*Vega v. Hempstead Union Free Sch. Dist.*,
   801 F.3d 72 (2d Cir. 2015)...................................................................................................11

*Victor Elias Photography, LLC v. Leonardo Worldwide Corp.*,
   No. CV H-18-2142, 2019 WL 3713724 (S.D. Tex. Jan. 25, 2019) ..................................29, 30

*Wheeler v. Bank of New York Mellon*,
   256 F. Supp. 3d 205 (N.D.N.Y. 2017) ..................................................................................19

*Williams v. Classic Security*,
   18-CV-1691 (JPO), 2019 WL 4511953 (S.D.N.Y. Sept. 18, 2019) ........................................16

*Zaltz v. JDATE*,
   952 F. Supp. 2d 439 (E.D.N.Y. 2013) ..................................................................................33

*Zavala v. Cornell Univ.*,
   No. 5:11-cv-1403, 2013 WL 1895654 (N.D.N.Y. May 6, 2013) ...........................................13

**Statutes**

28 U.S.C. § 1391.....................................................................................................................33

Pursuant to Rule 12(b)(1), 12(b)(2), 12(b)(3), and 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP"), Defendant United Airlines ("Defendant" or "United Airlines") by and through its attorneys, Littler Mendelson, P.C., files this Memorandum of Law in support of its Motion to Dismiss Plaintiff Michelle A. Schenck's ("Plaintiff" or "Schenck") Amended Complaint in its entirety.

## **PRELIMINARY STATEMENT**

### I.   **RELEVANT PROCEDURAL HISTORY**

On or about May 12, 2020, Plaintiff filed a Charge of Discrimination against United Airlines with the Equal Employment Opportunity Commission ("EEOC"), therein alleging race discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and age discrimination in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621-634 ("EEOC Charge"). (*See* Dkt. No. 1, p. 16). On February 26, 2021, the EEOC issued a "Dismissal and Notice of Rights" stating that it was closing Plaintiff's case against United Airlines and informing Plaintiff that based upon United Airlines' position statement and Plaintiff's rebuttal, the EEOC was "unable to conclude that the information establish[ed] a violation of Federal law on the part of" United Airlines. (*See* Dkt. No. 1, pp. 13-14).

On May 21, 2021, Plaintiff commenced the instant lawsuit by filing a *pro se* Complaint against United Airlines. (*See* Dkt. No. 1). Plaintiff's initial Complaint alleged discrimination in employment under Title VII and the ADEA. (*See id.*). On the same date that Plaintiff filed her initial Complaint, she filed a Motion for leave to proceed *in forma pauperis* (Plaintiff's "IFP motion"). (*See* Dkt. No. 2). The Court denied Plaintiff's IFP motion on July 9, 2021. (*See* Dkt. No. 5). Thereafter, on July 12, 2021 and August 6, 2021, Plaintiff filed additional documents in

the case. (*See* Dkt. Nos. 6 and 7).  The Court construed these filings, in conjunction with Plaintiff's

Notice of Motion filed on August 12, 2021 (Dkt. No. 8), as a motion by Plaintiff to amend her

Complaint and granted the motion. (Dkt. No. 9).  The Court also noted in the August 17, 2021

Text Order that plaintiff needed to issue a summons and "then effect timely service," referencing

FED. R. CIV. P. 4.  (*Id.*).

On September 21, 2021, Plaintiff filed an Amended Complaint. (*See* Dkt. No. 10).  Plaintiff

effectively *dropped* her cause(s) of action under Title VII in the Amended Complaint and alleges

claims only under the ADEA. (*See id.*, p. 7 ("I am requesting permission to remove my complaint

of race discrimination in violation of Title VII . . . against United Airlines")).  Plaintiff also asserts

claims for Wrongful Termination, Hostile Work Environment, and Intentional Infliction of

Emotional Distress. (*Id.*, p. 9).  Plaintiff acknowledged in the Amended Complaint that her claim

had "not been served to the defendant." (*Id.*, p. 7).  The Summons and Amended Complaint were

served on United Airlines via CT Corp on November 8, 2021.  (*See* Dkt. No. 11).

Defendant filed a motion for extension of time to file a response to the Amended Complaint

on November 30, 2021, which was granted by the Court on December 2, 2021. (Dkt. Nos. 14 and

17).  Defendant now timely files this motion to dismiss Plaintiff's Amended Complaint.

## II.   RELEVANT FACTUAL BACKGROUND

As set forth in the Amended Complaint[1], as well as Plaintiff's original Complaint, Plaintiff

worked as a flight attendant for United Airlines from 1998 to January 2020. (*See* Dkt. Nos. 1

---

[1] Defendant notes that though the Discrimination Complaint form that Plaintiff used for her Amended Complaint states that Plaintiff "**must** attach a copy of the **original complaint**" she filed with the EEOC and the EEOC affidavit, she did not attach these to her Amended Complaint.  (*See* Dkt. No. 10) (emphasis in original).

and 10).  Plaintiff was 42 years-old at the time that she was hired.  (Dkt. No. 10, pp. 2 and 4 (stating Plaintiff's date of birth and her hire date)).[2]

In her Amended Complaint, Plaintiff references certain alleged incidents that occurred between July 2015 and July 2019, specifically:

- July 2015 – Plaintiff purportedly asked the Newark Inflight Supervisor how to get assigned to the "designated crew" list.  Though it is unclear from Plaintiff's allegations, she seems to state that she asked why younger junior co-workers were assigned to work "Sport Charter trips."  She states that the Newark Inflight Supervisor was "unable to answer her questions" and referred her to another supervisor.  Plaintiff does not indicate if she contacted the other supervisor, but without foundation, claims that she felt intimidated when she asked the questions and feared she would be "red flagged" by United Airlines management.  (Dkt. No. 10, p. 7).

- July 18, 2019 – Plaintiff claims she asked a Union Representative for Newark AFA Union Local how a New York Jets charter trip could be assigned one month in advance to young flight attendants who are on "Reserves" on the "Flight Loft." Plaintiff alleges that the union representative "did not answer" her questions and referred her to the Newark Inflight Supervisor, who is the Sports Charter Coordinator that assigns the "Designated Crew" list. Plaintiff states she "questioned" the Newark Inflight Supervisor, but she "did not address" her question – though Plaintiff does not state what the Inflight Supervisor said in response. (*Id.*).

---

[2] For the purposes of this Motion to Dismiss only, Defendant accepts all facts pled in the Amended Complaint as true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

- July 31, 2019 – Plaintiff states she sent a text to the Newark AFA Local Union Representative and asked why Charter Trips were assigned to young junior "Line holders" and why young junior "Reserve" flight attendants were assigned to charter trips one month in advance. The union representative responded that "all ball club charters are hand picked by the Charter Coordinators." (*Id.* at p. 8).

Plaintiff also claims that United Airlines blocked her from the "Flight Attendant App" called "CCS" trip trading and trip pickup system. (*Id.* at p. 7). She further alleges that Charter flights were assigned to younger employees "and had nothing to do with eligibility" but instead had to do with "*likability* of younger aged employees." (*Id.*) (emphasis added).

The Amended Complaint further states that while on a flight from Newark, New Jersey, to London, England in December 2019, Ms. Schenck made a comment in which she referred to a fellow crewmember who is an African American male as "boy." (Dkt. No. 10, p. 8. *See also* Declaration of Dorota Karpierz dated December 23, 2021 ("Karpierz Decl."), ¶¶ 5-7). A complaint was made to United Airlines about Plaintiff's comment, which was subsequently investigated. (Dkt. No. 10, p. 8; Dkt. No. 1, p. 9. *See* Karpierz Decl., ¶ 8). The investigation findings substantiated the complaint, and as a result, Plaintiff was terminated on January 27, 2020. (Dkt. No. 10 at pp. 8-9. *See* Karpierz Decl., ¶¶ 9-10). The meeting where Plaintiff was informed of her termination also took place in Newark, New Jersey. (*See id.*, p. 8. *See* Karpierz Decl., ¶ 10).

In her EEOC Charge, Plaintiff did not allege any discriminatory acts prior to December 16, 2019. (*See* Dkt. No. 1, pp. 16-17). The only factual allegations in the EEOC Charge are regarding the flight from Newark to London in December 2019, United Airlines' subsequent investigation of Plaintiff's conduct on that trip, and Plaintiff's termination. (*Id.*).

## ARGUMENT

**A.    PLAINTIFF'S CLAIMS SHOULD BE DISMISSED FOR FAILURE TO STATE A PLAUSIBLE CLAIM**

To withstand a Rule 12(b)(6) motion, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).   The plausibility standard requires more of a showing than "a sheer possibility that a defendant has acted unlawfully."  *Ashcroft*, 556 U.S. at 678.  It also requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation" and more than "'naked assertion[s]' devoid of 'further factual enhancement.'"   *Id.* (quoting *Twombly*, 550 U.S. at 555, 557).

While the Court must accept as true the complaint's well pleaded factual allegations and draw all reasonable inferences in favor of the non-movant, the Court is not required to accept the assertions in the non-moving party's pleading that constitute conclusions of law.  *Ashcroft*, 556 U.S. at 678.  To meet this standard, a plaintiff must plead sufficient factual content to allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  *Id.*.  A complaint that offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555.  In other words, any legal conclusions "must be supported by factual allegations" and are "not entitled to the assumption of truth." *Ashcroft,* 556 U.S.  at 679. Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

In employment discrimination cases, the elements of a *prima facie* case "provide an outline of what is necessary to render [a plaintiff's employment discrimination] claims for relief plausible." *Sommersett v. City of N.Y.*, No. 09 CV 5916 (LTS)(KNF), 2011 WL 2565301, at *5 (S.D.N.Y. June 28, 2011). The court should then determine "[w]hen there are well-pleaded factual allegations…whether they plausibly give rise to an entitlement to relief." *Ashcroft*, 556 U.S. at 679.

Courts "read the pleadings of a pro se plaintiff liberally and interpret them to raise the strongest arguments that they suggest." *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (internal quotation marks and citation omitted). "However, **this does not exempt pro se parties from compliance with the relevant rules of procedural and substantive law**." *Bisson v. Martin Luther King Jr. Health Clinic*, No. 07-5416-cv, 2008 WL 4951045, at *1 (2d Cir. Nov. 20, 2008) (citing *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)) (emphasis added). While a pro se plaintiff may be granted leave to amend if a liberal reading of the complaint gives indication of a valid claim, an opportunity to amend is not required where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it" and would "be futile." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). *See also Augustus v. Brookdale Hosp. Med. Ctr.*, No. 13-cv-5374 (DLI)(RML), 2015 WL 5655709 at *7 (E.D.N.Y. Sep. 24, 2015) (dismissing a pro se plaintiff's complaint and declining to afford the opportunity to replead where "the substance of the claim pleaded is frivolous on its face.") (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)).

In considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), a district court may consider "not only the assertions made within the four corners of the complaint itself, but also those contained in documents attached to the pleadings or in documents incorporated by

reference." *Gregory v. Daly*, 243 F.3d 687, 691 (2d Cir. 2001); *see also Kramer v. Vendome Grp. LLC*, No. 11 Civ. 5245(RJS), 2012 WL 4841310, at *1 (S.D.N.Y. Oct. 4, 2012). Further, "the Court may consider EEOC filings because 'they are public documents' and are 'integral to Plaintiff's claims.'" *Shands v. Lakeland Cent. Sch. Dist.*, No. 15-CV-4260 (KMK), 2017 WL 1194699, at *3 (S.D.N.Y. Mar. 30, 2017) (quoting *Morris v. David Lerner Assocs.*, 680 F. Supp. 2d 430, 436 (E.D.N.Y. 2010) and collecting cases).

1. **All Allegations That Plaintiff Did Not Submit to The EEOC Are Subject to Dismissal Because Plaintiff Has Failed To Exhaust Her Administrative Remedies Regarding Those Claims And They Are Untimely**

Under the ADEA, "a litigant must exhaust available administrative remedies" before gaining access to federal courts. *Best v. Duane Reade Drugs*, No. 14-CV-2648 (CM) (Pro se), 2014 WL 5810105, at *3 (S.D.N.Y. Nov. 6, 2014) (quoting *Briones v. Runyon*, 101 F.3d 287, 289 (2d Cir. 1996). *See Hamzik v. Office for People with Developmental Disabilities*, 859 F. Supp. 2d 265, 277-78 (N.D.N.Y. May 16, 2012) (dismissing ADEA claims for failure to exhaust administrative remedies). Thus, a district court only has jurisdiction to hear such claims where they were either included in an EEOC charge or are based on conduct subsequent to the charge which is "reasonably related" to that alleged in the EEOC charge. *Best*, 2014 WL 5810105, at *4 (quoting *Butts v. City of New York Department of Housing Preservation and Development*, 990 F.2d 1397, 1401 (2d Cir. 1993) (superseded by statute on other grounds)). The purpose of this requirement is to provide the agency or EEOC "the opportunity to investigate, mediate, and take remedial action, where necessary." *Id.* at *3 (quoting *Stewart v. United States Immigration & Naturalization Service*, 762 F.2d 193, 198 (2d Cir. 1985)). Though a claim may be brought if it is "reasonably related to the claim filed with the agency, the 'reasonably related' doctrine does not excuse a plaintiff's failure to include allegations in his administrative complaint where those

allegations pertained to conduct that had occurred before the administrative complain[t] was filed." *Guerrero v. FJC Sec. Servs.*, No. 10 Civ. 9027 (JPO), 2012 WL 2053535, at *4 (S.D.N.Y. June 5, 2012) (*quoting Sussle v. Sirina Protection Sys. Corp.,* 269 F. Supp. 2d 285, 315 (S.D.N.Y. 2003)).

Moreover, checking the box for age discrimination and vaguely alleging in her EEOC Charge that she was "older than most of the other flight attendants" are not sufficient allegations for courts to infer that the claims outlined in her Amended Complaint are "reasonably related." "The Second Circuit has advised that the focus of the inquiry 'should be on the factual allegations made in the EEOC charge itself' and whether they 'gave the agency adequate notice to investigate' the claims subsequently asserted in federal court." *Shands*, 2017 WL 1194699, at *3 (quoting *Williams v. N.Y. C. Hous. Auth.*, 458 F.3d 67, 70 (2d Cir. 2006). While the Second Circuit permits a "loose pleading" standard, it is not satisfied by "vague, generalized statements." *Boimah v. Cumberland Farms, Inc.*, No. 03-CV-0121, 2005 WL 3671628, at *4 (N.D.N.Y. Dec. 30, 2005) (quoting *Findlay v. Reynolds Metals Co., Inc.*, 82 F. Supp. 2d 27, 33 (N.D.N.Y. 2000) (citing *Cooper v. Xerox Corp.*, 994 F. Supp. 429, 432 (W.D.N.Y. 1998)). Rather "[s]pecific factual allegations must be made in order for the EEOC to be able to investigate them reasonably." *Id.* In *Boimah*, the Court dismissed the plaintiff's claims for discrimination under the ADEA, noting that

> [t]he incidents underlying plaintiff's age discrimination claim are wholly absent from the EEOC complaint. Accordingly, the investigation into plaintiff's charges would not fall within the scope of, and could not reasonably be expected to grow into, an investigation of a claim of disparate treatment.

2005 WL 3671628, at *5.

Courts have not hesitated to dismiss claims where a plaintiff failed to exhaust the requisite administrative remedies. *See, e.g., Strujan v. Lehman Coll.*, 363 F. App'x 84, 85 (2d Cir. 2010) (dismissing ADEA claim where the plaintiff failed to exhaust administrative remedies); *Doroz v. DeIorio's Foods, Inc.*, 437 F. Supp. 3d 140, 151-52 (N.D.N.Y. 2020) (same); *Best*, 2014 WL

5810105, at *5 (same); *Goodwin v. Solil Mgmt. LLC*, No. 10 CIV 5546 KBF, 2012 WL 1883473, at *4 (S.D.N.Y. May 22, 2012) (same).

Where, as here, a Plaintiff fails to include in the EEOC Charge allegations of conduct that occurred before its filing, such failure cannot be excused by the reasonably related doctrine as it only "permits the bringing of claims based on conduct subsequent to the EEOC charge." *Guerrero*, 2012 WL 2053535, at *5 (internal quotations omitted). Given the above, any allegations in Plaintiff's Amended Complaint that were not raised in her EEOC Charge must be dismissed. The only factual allegations in Plaintiff's EEOC Charge pertain to the flight from Newark to London in December 2019, the subsequent investigation of a complaint made about Plaintiff, and Plaintiff's termination. (*See* Dkt. No. 1, pp. 16-17). She does not include *any* allegations prior to December 16, 2019, much less regarding Charter Trips, Designated Crew List, or the Flight Attendant App – allegations which now appear in her Amended Complaint. (*Compare id. and* Dkt. No. 10). Since those allegations predate the allegations in her EEOC Charge, they are not saved by the "reasonably related" doctrine. The only other allegations in the EEOC Charge and are vague and conclusory and, therefore, do not exhaust administrative remedies regarding any occurrences prior to December 2019. (*See* Dkt. No. 1, pp. 16-17).

Furthermore, any alleged discriminatory conduct that occurred outside of the 300-day window preceding the filing of Plaintiff's EEOC Charge cannot be the subject of the claims in her Amended Complaint. The plaintiff "generally must file a charge of discrimination with the EEOC within three hundred days after the alleged unlawful employment practice occurred." *Duplan v. City of New York*, 888 F.3d 612, 621 & n.7 (2d Cir. 2018) (citing *Ford v. Bernard Fineson Development Center*, 81 F.3d 304 (2d Cir. 1996), which addresses the application of the 300-day time period in an ADEA case) (internal quotation marks omitted). The continuing violation

doctrine may apply where there is an "ongoing policy of discrimination" (*Chin v. Port Auth. of N.Y. & N.J.*, 685 F.3d 135, 155-56 (2d Cir. 2012) (superseded by statute on other grounds) (internal quotation marks and citations omitted)), but it does not apply "to discrete unlawful acts, even where those discrete acts are part of a serial violation." *Gonzalez v. Hasty*, 802 F.3d 212, 220 (2d Cir. 2015) (internal quotation marks and citation omitted).  It generally "is disfavored and will be applied only upon a showing of compelling circumstances." *Abboud v. County of Onondaga*, 341 F. Supp. 3d 164, 177 (N.D.N.Y. 2018) (internal quotation marks and citations omitted).

Plaintiff filed her EEOC Charge on May 12, 2020.  (*See* Dkt. No. 1, pp. 16-17).  Therefore, even if Plaintiff exhausted her administrative remedies regarding any allegations prior to December 16, 2019 – which she has not - any allegations that occurred more than 300 days prior to the filing of her EEOC Charge cannot be the basis of her claims in the present action.

Based on the foregoing, the only allegations that may form the basis of Plaintiff's claims in the present action are those that allegedly occurred on or after December 16, 2019. *See Antidormi v. National Railroad Passenger Corp.*, 1:18-cv-1344 (GLS/CFH), 2019 WL 4170155 (N.D.N.Y. Sep. 3, 2019).

### 2.    Plaintiff's Claims Alleging Age Discrimination and Wrongful Termination Under the ADEA Should Be Dismissed

In her Amended Complaint, Plaintiff purports to plead claims for age discrimination and wrongful termination under the ADEA. (*See* Dkt. Nos. 1 and 10).  Even considering, *arguendo*, Plaintiff's new factual allegations as they relate to the Charter Trips, the Designated Crew List, and the Flight Attendant App are within the court's jurisdiction, Plaintiff's claims should be dismissed with prejudice because Plaintiff cannot state a plausible claim for relief.

To prevail on a claim under the ADEA, Plaintiff bears the initial burden to establish a *prima facie* case of age discrimination, as governed by the burden-shifting analysis outlined in

*McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). *See DiGirolamo v. MetLife Grp., Inc.*, 494 F. App'x 120, 122 (2d Cir. 2012) (applying standard to ADEA claims); *Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 106 (2d Cir. 2010).  In order to survive a Rule 12(b)(6) motion, Plaintiff must have plausibly alleged that adverse action was taken and that her age was the "but-for" cause of the adverse action. *See Gross v. FBL Fin Servs.*, 557 U.S. 167, 174 (2009); *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 86 (2d Cir. 2015). *See also Comcast Corp. v. Nat'l Ass'n of African Am.-Owned Media,* 140 S. Ct. 1009, 1014 (2020) (clarifying the but-for causation standard for discrimination claims applies to the pleading stage); *Lively v. WAFRA Investment Advisory Group, Inc.*, 6 F.4th 293, 303 n. 5 (2d Cir. 2021) (noting that the application of the but-for causation standard at the pleading stage is not affected by the *McDonnell Douglas* burden shifting framework).  In other words, an employee must plead "facts which plausibly suggest that (1) an employer took an adverse action and (2) age was the 'but for' cause of that adverse action." *Boonmalert v. City of New York*, 721 Fed. Appx. 29, 32 (2d Cir. 2018) (summary order).

    To establish the first factor, "[a] plaintiff sustains an adverse employment action if he or she endures a materially adverse change in the terms and conditions of employment.  To be materially adverse a change in working conditions must be more disruptive than a mere inconvenience or an alteration of job responsibilities." *Id.* at 32.  With respect to the second factor, "while an ADEA plaintiff need not plead 'but-for' causation, his complaint must contain sufficient facts to make plausible the conclusion that 'but for' his age, he would not have suffered the challenged action." *Thompson v. ABVI Goodwill Servs.*, No. 12-cv-6212 CJS, 2013 WL 505491, at *3 (W.D.N.Y. Feb. 8, 2013), *aff'd* 531 Fed. Appx. 160, 161 (2d Cir. 2013) (summary order).

At the outset, Plaintiff's age at the time of hire undermines any inference of discrimination. "Being in the protected class when hired undermines any inference of age discrimination." *Baguer v. Spanish Broad. Sys., Inc.*, No. 04 Civ. 8393, 2010 WL 2813632, at *14 (S.D.N.Y. Jul. 12, 2010), *aff'd* 423 F. App'x 102 (2d Cir. 2011). Plaintiff was 42 years-old when she was hired, meaning that she was a member of the protected class at the time of hire undermining any inference of discrimination.

Further, Plaintiff's Amended Complaint *appears* to make claims of both discrimination and of disparate treatment based upon a handful of acts of alleged discrimination that occurred between July 2015 and January 2020.  In pertinent part, she claims that (1) younger junior co-workers were assigned to Charter Trips and she was not assigned to the Designated Crew List, (2) she was "blocked" from the Flight Attendant App called "CCS," (3) United Airlines "failed transparency" in a complaint made about a comment Plaintiff made related to a co-worker on a flight to London, (4) she was terminated for derogatory comments/unsatisfactory performance.[3] None of Plaintiff's allegations, however, plausibly state a claim for age discrimination under the ADEA.

An adverse employment action "must be 'more disruptive than mere inconvenience or alteration of job responsibilities.'" *Ingrassia v. Health & Hosp. Corp.*, 130 F.Supp.3d 709, 720 (E.D.N.Y. 2015) (quoting *Dimitracopoulos v. City of New York*, 26 F.Supp.3d 200, 213 (E.D.N.Y. 2014)).  For instance, an employer is not liable for employment discrimination simply because an employee did not receive his or first choice of work shift or location.  *See, e.g., Murphy v. Bd. of Educ.*, 273 F. Supp. 2d 292, 202-04 (W.D.N.Y. 2003) (finding transfers and assignments over the

---

[3] As discussed in Section A(1) *supra*, the allegations prior to the flight to London should not be considered by the Court because Plaintiff has failed to exhaust her administrative remedies regarding those allegations.

years, even if not to the plaintiff's liking, "cannot be considered 'adverse'"); *Zavala v. Cornell Univ.*, No. 5:11-cv-1403 (LEK/DEP), 2013 WL 1895654, at *4 (N.D.N.Y. May 6, 2013) (holding there was no adverse employment action where plaintiff was reassigned to a new team).  "Not receiving a requested or desired assignment is not an adverse employment action." *Valenti v. Massapequa Union Free Sch. Dist.*, No. 09-CV-977, 2012 WL 1038811, at *14 (E.D.N.Y. Mar. 28, 2012).  Similarly, courts in this circuit have consistently rejected attempts by plaintiffs to show an adverse employment action based simply on a plaintiff's subjective feelings about hours or work location. *Cf.*, *Filippi v. Elmont Union Free Sch. Dist. Bd. of Educ.*, No. 09-cv-4675 (JFB)(ARL), 2012 WL 4483046, at *11-*12 (E.D.N.Y. Sept. 27, 2012) (finding a transfer of location without more is not an adverse employment action).

Accordingly, the mere fact that Plaintiff was not placed on a "Designated Crew" list for sports charter flights, does not, in itself constitute an adverse employment action.  Rather, Plaintiff attempts to couch her dissatisfaction in not being selected for charter flights into a claim for age discrimination.  However, these claims rely on nothing more than speculation, which is insufficient at the pleading stage.  Plaintiff does not allege that she was ever told that she was not "picked" for a charter flight due to her age, much less that any age-related comments were made or actions were taken toward her *at any time*.  She does not even allege that she spoke with the "Charter Coordinators" or decision-makers for choosing the charter flight crew.  *See Lively*, 6 F.4th at 307[4] ("[r]emarks made by someone other than the person who made the decision adversely affecting the plaintiff may have little tendency to show that the decision-maker was motivated by the

---

[4] In *Lively*, the Court of Appeals for the Second Circuit considered an appeal from the dismissal of a Plaintiff's ADEA claim pursuant to Rule 12(c) motion for judgment on the pleadings. 6 F.4th at 298.  However, the *Lively* Court noted that "[t]he standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that for granting a Rule 12(b)(6) motion for failure to state a claim", and therefore instructive in considering the allegations contained in Plaintiff's Complaint. *Id.* at 301.

discriminatory sentiment expressed in that remark.") (internal citations omitted). Rather, Plaintiff makes that conclusory allegation, without any factual support, that "young" or "younger" employees with "less seniority" were assigned to charter flights and that somehow this is sufficient to show disparate treatment based upon her age – however it simply is not.

Plaintiff's Amended Complaint likewise fails to make a plausible claim for age discrimination based on disparate treatment.  "An inference of discrimination can be drawn from circumstances including 'actions or remarks made by decisionmakers that could be viewed as reflecting a discriminatory animus,' or 'preferential treatment given to employees outside the protected class[.]'") *Pustilnik v. Battery Park City Auth*., No. 18-CV-9446 (RA), 2019 WL 6498711, at *4 (S.D.N.Y. Dec. 3, 2019) (quoting *Chertkova v. Connecticut Gen. Life Ins. Co*., 92 F.3d 81, 91 (2d Cir. 1996)).  "A plaintiff bringing a disparate-treatment claim pursuant to the ADEA must prove, by a preponderance of the evidence, that age was a 'but-for' cause of the challenged adverse employment action." *Gross*, 557 U.S. at 180.  In other words, the ADEA does not authorize mixed-motive age discrimination claims. *Id.* at 175. In order to state a claim of disparate treatment, Plaintiff must plausibly plead that "the alleged comparators are 'similarly situated in all material respects.'" *Sank v. City of N.Y.*, No. 10-cv-4975, 2011 WL 5120668, at *11 (S.D.N.Y. Oct. 28, 2011) (quoting *Shumway v. United Parcel Serv., Inc.*, 118 F.3d 60, 64 (2d Cir. 1997)).  "At the pleading stage, 'a complaint generally must identify the similarly situated employees with some specificity' where the theory of discrimination is based on comparison." *Brown v. N.Y.C. Dep't of Educ.*, 20-CV-2424 (VEC) (OTW), 2021 WL 4943490, at * 9 (S.D.N.Y. Aug. 31, 2021), *report and rec. adopted by* 2021 WL 4296379 (S.D.N.Y. Sept. 20, 2021).

Plaintiff does not proffer any allegations that make it plausible to conclude that Plaintiff would have been hired for charter flights had she been under the age of 40. *See Bohnet v. Valley*

*Stream Union Free School Dist. 13*, 30 F. Supp. 3d 174, 180 (E.D.N.Y. 2014) ("What is required at the motion to dismiss stage is that the complaint contained sufficient facts to make plausible the conclusion that "but for" her age plaintiff would have been hired."). First, Plaintiff herself alleges that there was a "mixed motive" in denying her placement on the charter flights. (*See* Dkt. No. 10, p. 7 ("The Charter flights were assigned to younger employees and had nothing to do with eligibility **but likability** of younger aged employees than myself.") (emphasis added)). Moreover, Plaintiff has failed to provide any details about the identities of the individuals that were supposedly chosen for the charter flights other than they were "younger" or had "less seniority." *Bohnet*, 30 F. Supp. 2d at 180 (noting bare allegations that individuals under the age of forty "lack the specificity required to be more than an unadorned, the-defendant-unlawfully-harmed-me accusation") (quoting *Deylii v. Novartis Pharmaceuticals Corp.*, No. 13-cv-06669 (NSR), 2014 WL 2757470, at *8 (S.D.N.Y. Jun. 16, 2014) (alterations in original)); *see also Brown*, 2021 WL 4943490, at * 9 (occasional references to "younger attendance teachers" and other "senior staff members" without specifying names, ages, positions or any other details, fails to make a "plausible conclusion that 'but for' her age" the alleged adverse employment action would have occurred).

Similarly, Plaintiff's claims that her co-workers "ignored" her are insufficient to establish an actionable discrimination claim. *See Florence v. Studco Bldg. Systems US LLC*, No. 14-cv-6426, 2015 WL 2406114, at *2 (W.D.N.Y. May 20, 2015) ("feeling that one has been disrespected by a co-worker or supervisor is not enough to establish an actionable discrimination claim"). These allegations by themselves do not constitute disparate treatment under the ADEA. *See Bohnet*, 30 F.Supp. 3d at 181 (noting plaintiff's failure to allege any discriminatory comments or overt discriminatory conduct based upon her age or that other older applicants were denied appointments).

Plaintiff's allegations surrounding the circumstances of her termination are also insufficient to give rise to a claim under the ADEA.  While termination is undoubtedly an adverse employment action, to defeat a motion to dismiss, "an ADEA plaintiff must plausibly allege that [s]he would not have been terminated but for [her] age." *Lively*, 6 F.4th at 303.  Plaintiff pleads no facts to support the inference that her age in any way contributed to, let alone constituted a "but for" cause of, her termination. Plaintiff's Amended Complaint is wholly devoid of any well-pleaded facts that would allow the inference that she would not have been terminated but for her age. *See Williams v. Classic Security*, 18-CV-1691 (JPO), 2019 WL 4511953, at *5 (S.D.N.Y. Sept. 18, 2019) (dismissing plaintiff's ADEA claim as the complaint contained no additional facts to support its conclusory allegations); *Gray v. GC Services/Apple*, 1:20-CV-714 (TJM/ATB), 2020 WL 8771257, at *5 (N.D.N.Y. Dec. 9, 2020) (dismissing plaintiff's claims under the ADEA because "there is simply no suggestion that management terminated her…because of her age", rather the amended complaint only "summarily states that she is '54 years old, more than 5-30 years older than most of the employees and managers.'"). Instead, the Amended Complaint provides a legitimate, nondiscriminatory reason for her termination – a "derogatory" remark, specifically her reference to an African American male as "boy." (Dkt. No. 10, p. 8).  This allegation belies any purported inference in Plaintiff's allegations that her termination was discriminatory.

Notably, even Plaintiff concedes that her conduct was subject to disciplinary action. (*See* Dkt. No. 10, p. 9 ("I was targeted and fired ***as opposed to a lesser punishment***….United didn't choose a ***lighter penalty of suspension or counsel***") (emphasis added)).  This admission points to a basis for her termination that is unrelated to Plaintiff's age, further indicating that Plaintiff has not sufficiently pled a claim of age discrimination under the ADEA.

-16-

Otherwise, Plaintiff's Complaint contains nothing more than conclusory allegations based upon speculation, which is insufficient to meet her burden to plead a plausible claim of age discrimination. *See Thompson,* 2013 WL 505491, at *3-*4, *affirmed* 531 Fed. Appx. 160 (2d Cir. 2013) (finding statements in plaintiff's Complaint that are mere conclusions or unsupported by any facts are not entitled to the assumption of the truth). For example, Plaintiff summarily claims that "United engaged in a pattern of intentionally discriminating and retaliating against older long-time employees and replacing them with younger aged employees." (Dkt. No. 10, pp. 8-9). However, there is nothing in Plaintiff's Amended Complaint that even purports to factually support her claims that United Airlines had 1) a practice based upon discriminatory intent or 2) engaged in actual discrimination against "older" employees – including Plaintiff.  The Amended Complaint does not refer to any specific younger employees, let alone ones who are similarly situated. *Thompson*, 2013 WL 505491, at *3.   Notably, the Amended Complaint does not allege that another, younger employee was the subject of a complaint of discriminatory conduct – or any complaint – and was not fired.   Plaintiff also does not allege she was replaced by a younger employee.

Plaintiff's allegations bear no direct relationship to any claim of age discrimination.  *Cf. Lively*, 6 F.4[th] at 306 (noting that age-related comments that occurred 5 to 10 months prior to termination without any other indicia of discrimination fails to raise a reasonable inference of a "direct link" between the alleged discriminatory conduct and termination); *Rissman v. Chertoff*, No. 08 Civ. 7352 (DC), 2008 WL 5191394, at *2-*4 (S.D.N.Y. Dec. 12, 2008) (dismissing the pro se plaintiff's race- and religion-based hostile-work-environment claim sua sponte because, *inter alia*, despite the plaintiff's "litany of facts regarding his mistreatment by co-workers and supervisors," "[t]he few facts alleged by plaintiff relating to his race or religion do not amount to

more than stray remarks . . . and cannot support a plausible claim of hostile work environment"). Without the speculative and conclusory allegations in Plaintiff's Amended Complaint, there is nothing that raises any inference that Plaintiff's age was a reason for her termination – let alone the "but-for" reason for termination. *Thompson*, 2013 WL 505491, at *4.

In sum, Plaintiff's Amended Complaint is wholly devoid of any well-pleaded facts sufficient to make a plausible claim for relief for age discrimination under the ADEA. For all of the reasons discussed above, Plaintiff's ADEA and wrongful termination claim should be dismissed.

### 3. Plaintiff's Claims Alleging Hostile Work Environment Should Be Dismissed

Plaintiff's Amended Complaint also fails to state a plausible claim that she was subjected to a hostile work environment claim.  To state a claim for hostile work environment under the ADEA, a plaintiff must plausibly allege that the workplace is "permeated with discriminatory intimidation, ridicule and insult that is sufficiently pervasive to alter the conditions of the victim's employment."  *Ingrassia*, 130 F.Supp.3d at 722, (citing *Kassner v. 2nd Avenue Delicatessen Inc.*, 496 F.3d 229, 240 (2d Cir. 2007)). "This standard has both objective and subjective components: the conduct complained of must be severe or pervasive enough that a reasonable person would find it hostile or abusive, and the victim must subjectively perceive the work environment to be abusive." *Boonmalert*, 721 Fed. Appx. at 33 (quoting *Littlejohn v. City of New York*, 795 F.3d 297, 321 (2d Cir. 2015)). "To determine whether an incident or series of incidents is 'sufficiently severe or pervasive to alter the conditions' of a plaintiff's work environment, we 'must consider the totality of the circumstances, including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Id.* (quoting *Littlejohn*, 795 F.3d

at 320-21).

Plaintiff has made no allegation of conduct whatsoever that is age-related.  (*See* Dkt. No. 10). Much less, she has not alleged any discriminatory conduct that is so severe or pervasive that a reasonable person would find it hostile or abusive. *See, e.g., Wheeler v. Bank of New York Mellon*, 256 F. Supp. 3d 205, 219 (N.D.N.Y. 2017) (alterations in original) ("[S]poradic verbal altercations and social snubs that have no discriminatory overtones and do not indicate conduct so continuous, threatening, or offensive [do not] comprise a hostile work environment.") (quoting *Douglass v. Rochester City Sch. Dist.*, 873 F. Supp. 2d 507, 509 (W.D.N.Y. 2012), *aff'd* 522 Fed. Appx. 5 (2d Cir. 2013));  *Trachtenberg v. Department of Educ. of the City of New York*, 937 F. Supp. 2d 460, 472-73 (S.D.N.Y. 2013) (internal quotations omitted) (plaintiff's conclusory statement about her "imaginable work environment" and allegations that, among others, she was subjected to excessive scrutiny and was refused training "fall well short of the sort of conduct that courts have found sufficiently pervasive to alter the conditions of the victim's employment").  Allegations of not receiving an answer when inquiring about charter flights, being referred to speak to other supervisors, or being informed who the decision makers were with respect to who made the crew list for charter flights do not constitute any type of hostile work environment.  Moreover, simply being upset by interactions with supervisors or co-workers is insufficient to support an actionable hostile work environment claim. *See, e.g., Mohamed v. NYU*, No. 14cv8373 (GBD)(MHD), 2015 WL 3387218, at *25 (S.D.N.Y. May 21, 2015) (plaintiff's conclusory allegations of harassment was "lacking for purposes of gleaning whether or not his claims constitute something more than 'trivial harms,' that is, 'those petty slights or minor annoyances that often take place at work and that all employees experience,' which are not materially adverse or actionable under Title VII or the ADEA.") (quoting *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006); *Doner-*

*Hendrick v. New York Institute of Technology*, No. 11 Civ. 121(SAS), 2011 WL 2652460, at *7 (S.D.N.Y. July 6, 2011) ("A few isolated offensive utterances by a single co-worker do not give rise to a reasonable inference of hostility that is sufficiently severe or pervasive to alter the conditions of the victim's employment.") (internal quotations omitted).

At most, the incidents set forth in the Amended Complaint reflect disjointed action that amount to nothing more than petty slights, annoyances, inconveniences. Hostile work environment claims, however, "are not intended to promote or enforce civility, gentility or even decency." *Acosta v. City of N.Y.*, No. 11 Civ. 8561, 2012 WL 1509654, at *7 (S.D.N.Y. Apr. 26, 2012) (internal quotations omitted); *see also Farid v. City of New York*, 19-cv-03463 (DLI)(RLM), 2021 WL 2012425, at * 4 (E.D.N.Y. May 20, 2021) ("The ADEA does not set forth a general civility code.") (internal quotations omitted).   Plaintiff's allegations, as a whole, fall short of the type or magnitude of conduct needed to sufficiently plead a claim of hostile work environment. *See, e.g., Guity v. Uniondale Union Free Sch. Dist.*, No. CV 15-5693 (SJF)(AKT), 2017 WL 9485647, at *20 - *22 (E.D.N.Y. Feb. 23, 2017) (a pro se plaintiff's hostile work environment claim that was based, in part, on an anonymous email failed because it was not severe and pervasive and also because the plaintiff failed to plead any facts that imputed the email to the employer); *Boza-Meade v. Rochester Hous. Auth.*, 170 F. Supp. 3d 535, 548-49 (W.D.N.Y. 2016) ("Plaintiff's allegations reflect general dissatisfaction with the work environment, consisting mainly of teasing and off-hand comments, but they do not support a discrimination claim for hostile work environment.") (internal quotations omitted); *Trachtenberg*, *supra*, 937 F. Supp. 2d at 472-73.

Accordingly, since Plaintiff has not, and cannot, sufficiently pled a claim for a hostile work environment under the ADEA, her ADEA hostile work environment claims should be dismissed as a matter of law.

**4.      Plaintiff's Claim Alleging Intentional Infliction of Emotional Distress Should Be Dismissed**

It is well settled law in New York that to establish a prima facie case of intentional infliction of emotional distress ("IIED") sufficient to plead a cause of action, the plaintiff must plead four elements:   "(i) extreme and outrageous conduct; (ii) intent to cause, or disregard of a substantial probability of causing, severe emotional distress; (iii) a causal connection between the conduct and injury; and (iv) severe emotional distress." *Chanko v. Am. Broad. Companies, Inc.*, 27 N.Y.3d 46, 56 (2016) (internal quotations omitted). "[T]he requirements are rigorous, and difficult to satisfy." *Id.* at 57 (noting that *every* single claim brought under this theory to the New York Court of Appeals has failed because the alleged conduct was not sufficiently outrageous). The alleged conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id.* at 56.   The employer's conduct must "consist of more than mere insults, indignities and annoyances and must be so shocking and outrageous as to exceed all reasonable bounds of decency." *See Leibowitz v. Bank Leumi Trust Co.*, 152 A.D.2d 169, 183 (2d Dep't 1989). Courts have routinely dismissed claims for IIED where the plaintiff failed to allege sufficiently outrageous conduct.  *See Biberaj v. Pritchard Indus.*, 08 Civ. 07993 (PGG), 2009 WL 10738222, at *14-*16(S.D.N.Y. Sep. 28, 2009) (dismissing IIED claim where the claim relied on "discrete acts" of tricking plaintiff into signing a release, coercing plaintiff to sign a release on another occasion, and ripping up plaintiff's grievance and telling her to go back to work); *Leibowitz*, 152 A.D.2d at 182 (allegations that plaintiff's supervisor directed ethnic remarks at her such as "Hebe" and "kike," while deplorable and reprehensible, did not state a claim for IIED).   *See also Piechowicz v. Lancaster Cent. Sch. Dist.*, 17-CV-00845V(f), 2018 WL 10483508 (W.D.N.Y. Mar. 21, 2018).

Here, Plaintiff alleges no conduct that would meet the stringent standard to bring a claim of IIED. The only adverse employment action she alleges is the termination of her employment, which does not amount to outrageous or extreme conduct. *See Peterec-Tolino v Harap*, 68 A.D.3d 1083, 1084 (2d Dep't 2009) (affirming dismissal of the plaintiff's complaint alleging IIED claim, among others, where the plaintiff "failed to plead the elements necessary for any of his stated causes of action . . . [s]pecifically, he failed to allege how he suffered damages from the defendants' alleged actions, besides the loss of his job."). Her claims that she was not placed on a "Designated Crew List", that her co-workers "ignored her", that her supervisors could not answer a question, and that she was investigated and ultimately terminated due to a derogatory comment she made, similarly do not meet the level of outrageous conduct required to bring a claim. *See, e.g., Gray*, 2020 WL 8771257, at * 6 (dismissing plaintiff's IIED claims for "lack of response from management", "lack of access to mandatory aspects of plaintiff's job" and "annoying coaching and team meetings"); *Corrado v. N.Y. Unified Court Sys.*, 163 F. Supp. 3d 1, 24-25, 27 (E.D.N.Y. 2016) (dismissing IIED claim when plaintiff alleged employers manufactured a paper trail of performance issues and emailed her threatening termination); *Thomas v. N.Y.C. Dep't of Educ.*, 938 F. Supp. 2d 334, 344, 359 (E.D.N.Y. Mar. 29, 2013) (allegations that plaintiff was subjected to, among other things, false accusations, did not rise to the level of extreme and outrageous conduct). Accordingly, Plaintiff's cause of action with respect to claims for intentional infliction of emotional distress must be dismissed.

### B.   PLAINTIFF'S CLAIMS SHOULD BE DISMISSED AS TIME-BARRED

Setting aside the fact that none of Plaintiff's claims are viable even if all the allegations are considered, her claims are time-barred. The Federal Rules of Civil Procedure set a 90-day deadline for service of a Complaint, providing as follows:

> If the defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure the court must extend the time for service for an appropriate period.

*See* Fed. R. Civ. P. 4(m).  This deadline (and the process for obtaining a summons) is also set forth in the Western District of New York's Pro Se Litigation Guidelines, which explain the service of process rules in detail as follows:

> **Service of Process**
>
> "Service of process," is the procedure that officially notifies a defendant in person that lawsuit has been filed against him or her.  When "served" the defendant receives a copy of the complaint so that he/she knows what the lawsuit is about.  Further, the summons (discussed above) notifies the defendant when they must respond to the complaint.  Under Federal Rule of Civil Procedure 4, you must either obtain a waiver of service from each defendant or **serve each defendant through formal service or personal service within 90 days after the complaint has been filed in district court**.  Mailed summons are typically not allowed.

(W.D.N.Y. Pro Se Litigation Guidelines, at pp. 19-20 (emphasis added));[5] *Anselm v. Diamond Packaging*, No. 14-cv-6388 CJS, 2015 WL 2095774, at *6 (W.D.N.Y. May 4, 2015).  The 90-day period for service is tolled while an IFP motion is pending but restarts once the motion is decided by the Court. *See Root v. Corning Community College*, 17-CV-6498 CJS, 2019 WL 368098, at * 5 (W.D.N.Y. Jan. 30, 2019); *Stepney v. Rochester Hous. Auth.*, Case # 16-cv-6173, 2018 WL 3110225, at *3 (W.D.N.Y. June 25, 2018).

The Second Circuit has stated that when a Complaint is filed, the statute of limitations for the underlying claim(s) in the Complaint is tolled for the period during which the Complaint must be served.  *Frasca v. United States*, 921 F.2d 450, 453 (2d Cir. 1990).  *See also Robinson v. City of Buffalo*, No. 1:16-cv-00432, 2017 WL 2021528, at *8 n.5 (W.D.N.Y. May 12, 2017) ("The

---

[5] This document is available online at https://www.nywd.uscourts.gov/self-help-manual-pro-se-litigation-guidelines.

statute of limitations for the underlying claim is tolled during Rule 4's service period.") (internal

quotations and alterations omitted). However, once the 90-day period for service of the complaint

expires, the statute of limitations again begins to run. *Frasca*, 921 F.2d at 453. If the statute of

limitations then expires before a plaintiff can refile her action, then the action is time-barred. *Id.*;

*Grimes-Jenkins v. Consol. Edison Co. of New York, Inc.*, 18 Civ. 1545 (AT)(RWL), 2019 WL

1507938, at * 5-*6 (S.D.N.Y. Apr. 5, 2019) ( dismissing plaintiff's claims); *Robinson*, 2017 WL

2021528, at *8 n. 5 (quoting *Zapata v. City of New York*, 502 F.3d 192 (2d Cir. 2007) (quoting

*Frasca*); *Gibbs v. Imagined, LLC*, No. 11 Civ. 2949, 2013 WL 2372265, at * 3 -*5 (S.D.N.Y. May

30, 2013) (dismissing Plaintiff's claims).

Despite the rule and the clear instructions in the Court's Pro Se Guidelines, Plaintiff failed

to obtain the summons and complete service within 90-day deadline. *See Cassano v. Altshuler*,

186 F. Supp. 3d 318, 321 (S.D.N.Y. 2016) ("Plaintiffs are not excused from complying with the

applicable rules of service merely by virtue of their *pro se* status"). Plaintiff filed her initial

Complaint on May 21, 2021 – on the 84th day after her receipt of the EEOC's Dismissal. (*See* Dkt.

1 at ¶ 18; Dkt. 10 at ¶ 18). Plaintiff's IFP motion tolled the 90-day service period while it was

pending, but when the Court issued its order denying the IFP motion on July 9, 2021, the 90-day

service period began to run. *See Root*, 2019 WL 368098, at * 5 (calculating the time for service

from the date the IFP motion was denied). Plaintiff did not obtain a summons from the Court until

August 31, 2021. (*See* Dkt. No. 11). Plaintiff never served her initial Complaint on Defendant,

though.  (*See* Dkt. No. 10, p. 7; Karpierz Decl. ¶ 15). She filed an Amended Complaint on

September 21, 2021 and served *only* the Amended Complaint on November 8, 2021 – 122 days

after this Court denied her IFP motion. (*See* Dkt. Nos. 5 and 11). Where, as here, an employee fails

to serve her complaint within 90 days of the ruling on an IFP motion and the statute of limitations

on her underlying discrimination claims has expired, the action is subject to dismissal. *See, e.g.,* *Anselm*, 2015 WL 2095774, at *6 ("Because Plaintiff failed to properly serve Defendant within 120 days,[6] the statute of limitations on her title VII claim has now expired, unless the Court extends her time for service *nunc pro tunc.*"); *Amnay v. Del Labs*, 117 F. Supp.2d 283, 287 (E.D.N.Y. 2000) (dismissing *pro se* employee's Title VII action with prejudice where he filed his federal complaint 81 days after the right-to-sue letter and failed to properly serve his employer for over 129 days). Plaintiff was required to effectuate service of her initial Complaint on or before October 7, 2021. When she did not, the statute of limitations began running again on the claims in her Complaint (Amended or otherwise) and expired on October 13, 2021. *See id.; see also* 29 U.S.C. § 626(e) (an ADEA claim must be brought within 90 days of a plaintiff receiving a right to sue letter from the EEOC); *Spiteri v. Russo*, No. 23 CV 2780 (MKB), 2012 WL 5422180, at *2 (E.D.N.Y. Nov. 6, 2012) ("Filing an amended complaint does not toll the time to serve a defendant named in the initial complaint.") (citing cases).

For these reasons, Plaintiff's claims are time-barred, and United Airlines respectfully requests that the Court dismiss Plaintiff's claims on that basis.

### C.   PLAINTIFF'S CLAIMS SHOULD BE DISMISSED BECAUSE THE COURT LACKS PERSONAL JURISDICTION AND VENUE IS IMPROPER

#### 1.   United Airlines is Not Subject to Personal Jurisdiction in this Court.

Fed. R. Civ. P. 12(b)(2) provides for dismissal of a complaint for lack of personal jurisdiction. "On a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of showing that the court has jurisdiction over the defendant." *Metro. Life Ins.*

---

[6] *Anselm* was decided prior to the December 1, 2015 amendment to FRCP 4(m) changing the time to serve from 120 days to 90 days.

*Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 566 (2d Cir. 1996) (citing *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 507 (2d Cir. 1994)).  At this early point in a case, a plaintiff's allegations are generally accepted as true, except where the "defendant rebuts [a plaintiff's] unsupported allegations with direct, highly specific, testimonial evidence regarding a fact essential to jurisdiction—and [a plaintiff does] not counter that evidence." *Doe v. National Conference of Bar Examiners*, No. 1:16-cv-264 (PKC), 2017 WL 74715, at *4 (E.D.N.Y. Jan. 6, 2017) (citing *Merck & Co. v. Mediplan Health Consulting, Inc.*, 425 F. Supp. 2d 402, 420 (S.D.N.Y. 2006)) (internal quotations omitted).

"A prima facie case of personal jurisdiction requires non-conclusory fact-specific allegations or evidence showing the activity that constitutes the basis of jurisdiction has taken place." *Powell v. Monarch Recovery Mgmt.*, 15-CV-2162-MKB, 2016 WL 8711210, at *5(E.D.N.Y. Jan. 22, 2016) (alterations in original, internal quotation omitted).  Determining whether a Court has personal jurisdiction over a defendant is a two-step process.  *See Licci v. Lebanesse Canadian Bank,* 732 F.3d 161, 168 (2d Cir. 2013).  First, the court looks to the law of the forum state to determine whether personal jurisdiction exists under the laws of that state. *Id.* Next, the Court determines whether the exercise of personal jurisdiction over the defendant would comport with the Due Process Clause of the United States Constitution.  *Id.*

In this case, there is no basis for personal jurisdiction under New York's jurisdictional requirements. New York law provides for both general and specific personal jurisdiction. Specifically, Plaintiff must "demonstrate that . . . Defendants were either (1) 'present' and 'doing business' within the meaning of New York Civil Practice Law and Rules ("CPLR") § 301, or (2) that they committed acts within the scope of New York's long-arm statute, CPLR § 302." *DeLorenzo v. Viceroy Hotel Grp., LLC*, 757 F. App'x 6, 8 (2d Cir. 2018) (citing *Int'l Shoe Co. v.*

*Washington*, 326 U.S. 310, 316 (1945)).

Regardless of the statutory provision, however, "the exercise of personal jurisdiction is informed and limited by the U.S. Constitution's guarantee of due process, which requires that any jurisdictional exercise be consistent with traditional notions of fair play and substantial justice." *Bonkowski v. HP Hood LLC*, No. 15-CV-4956 (RRM) (PK), 2016 WL 4536868, at *2 (E.D.N.Y. Aug. 30, 2016) (internal quotation marks and citations omitted). "In other words, even if the Court can exercise jurisdiction under New York's long-arm statute, it still must determine whether jurisdiction comports with the Constitution's Due Process Clause." *Doe*, 2017 WL 74715, at *4 (citing *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 242 (2d Cir. 2007)).

### a.   There is no general jurisdiction over United Airlines.

To establish general jurisdiction over a foreign corporation, "a plaintiff must set forth facts of a continuous and systematic course of doing business in New York that warrants a finding of the corporation's presence in the state." *Powell*, 2016 U.S. Dist. 7728, at *13 (alternations in original) (quoting *Universal Trading & Inv. Co. v. Credit Suisse (Guernsey) Ltd.*, 560 F. App's 52, 55 (2d Cir. 2014)).  In *Powell*, the court found that the plaintiff had failed to establish personal jurisdiction over the defendants based on a single conclusory assertion. *Id.* at *13-*14.  Here, there is no assertion that United Airlines has contacts with New York State *at all*, much less that there are any contacts "so continuous and systematic" as to render United Airlines at home in the judicial district. *Id.* at *14.

Even looking beyond Plaintiff's allegations in the Amended Complaint, there is no basis for general jurisdiction.  The Supreme Court has said that a court may exercise general personal jurisdiction over a corporate defendant only in a forum where "the corporation is fairly regarded as at home," but engaging "in a substantial, continuous, and systematic course of business" in a

jurisdiction does not render a corporation "at home" there or subject it to the exercise of general personal jurisdiction. *Daimler AG v. Bauman*, 571 U.S. 117, 137-39 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011)). Rather, absent "exceptional" circumstances, a corporation will only be regarded as "at home" and subject to general personal jurisdiction in the states where it is incorporated and where it maintains its principal place of business. *See BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1559 (2017) (railroad incorporated in Delaware with its principal place of business in Texas not subject to general personal jurisdiction in Montana despite more than 2,000 miles of railroad track and more than 2,000 employees there); *Daimler*, 571 U.S. at 138–39 & n.19; *Doe*, 2017 WL 74715, at *5 (citing *Thackurdeen v. Duke Univ.*, 15-3082-cv, 2016 WL 4578662, at *1 (2d Cir. Sept. 1, 2016)); *Reich v. Lopez*, 38 F. Supp. 3d 436, 454-55 (S.D.N.Y. 2014) ("For general jurisdiction over an individual to comport with due process, Defendants must be domiciled in New York, served in New York, or have otherwise consented to the court's jurisdiction."). The Supreme Court's decision in *Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437 (1952), "remains the textbook" example and demonstrates how truly exceptional circumstances must be to justify the exercise of general jurisdiction over a corporation outside of the states of incorporation and principal place of business. *Daimler*, 571 U.S. at 129-30 (citing *Goodyear*, 564 U.S. at 928.)

In *Perkins*, a Philippine mining company temporarily relocated its headquarters to Ohio when Japan occupied the Philippines during World War II. 342 U.S. at 447-48. Under those exceptional circumstances, the Court found that Ohio could exercise general personal jurisdiction over the mining company consistent with due process. Id. at 448. The Court later clarified the exercise of general jurisdiction in *Perkins* was warranted because at the time "Ohio was the corporation's principal, if temporary, place of business." *Daimler*, 571 U.S. at 130 (quoting

*Keeton v. Hustler Mag., Inc.,* 465 U.S. 770, 780 n.1 (1984)).  Thus, for a plaintiff to demonstrate the exceptional case she must show that "the forum state is the center of the corporation's activities, even if the corporation's place of incorporation and principal place of business are elsewhere." *Victor Elias Photography, LLC v. Leonardo Worldwide Corp.*, No. CV H-18-2142, 2019 WL 3713724, at *2 (S.D. Tex. Jan. 25, 2019); *see also Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 630 (2d Cir. 2016) (finding court did not have general jurisdiction over defendant corporation despite arguments that defendant had a physical presence in forum state for at least thirty (30) years);  *Head v. Las Vegas Sands, LLC*, 298 F. Supp. 3d 963, 972 (S.D. Tex. 2018) (if systematic business transactions were enough to establish general jurisdiction "many corporate defendants would be subject to the personal jurisdiction of courts in all fifty states.").

United Airlines is incorporated in Delaware and maintains its principal place of business in Illinois. (Karpierz Decl., ¶ 11).  Its corporate headquarters is in Chicago and is where its senior leadership team runs the company's worldwide operations. (*Id.*, ¶¶ 11-12).  It operates out of seven domestic hubs in the United States of America, none of which are in New York. (*Id.*, ¶ 13).  Even if United Airlines operates flights in and out of New York, or even within the Western District of New York, New York is not United Airlines' *de facto* principal place of business or otherwise the center of its corporate activities.  Further, this is not the "exceptional case" in which United Airlines could be deemed "at home" and subject to general personal jurisdiction in New York.  *See Tyrrell*, 137 S. Ct. at 1554, 1559 (no general jurisdiction where railroad had substantial operations in state but it was not the center of railroad's activities); *Daimler*, 571 U.S. at 123, 139 (no general jurisdiction in California despite multiple California-based facilities); *McConney v. Amtrak*, No. 18-CV-05290 (NGG) (RER), 2020 WL 435366, at *3 (Slip Copy) (E.D.N.Y. Jan. 28, 2020) (evening conceding the plaintiff's argument that Amtrak does significant business in New York,

the plaintiff had "not alleged sufficient facts in her complaint to surmount the high bar set by *Daimler* and *Brown* for the 'exceptional case' to the 'essentially at home' standard) (quoting *Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 629 (2d Cir. 2016)); *Victor Elias Photography, LLC*, 2019 WL 3713724, at *2   (Marriott not subject to general personal jurisdiction in Texas despite its operations in the state); *Garcia Hamilton & Assocs., L.P. v. RBC Capital Mkts., LLC*, 466 F. Supp. 3d 692, 699–701(S.D. Tex. 2020) (foreign corporation not subject to general personal jurisdiction in Texas despite four offices and 250 employees in Texas given its operations in twenty-one other states); *Agher v. Envoy Air Inc.*, No. CV 18-6753-R, 2018 WL 6444888, at *2 (C.D. Cal. Oct. 12, 2018) (airline with worldwide operations not subject to general personal jurisdiction in California despite employing 8,500 people there and operating 16% of its flights there).   Accordingly, United Airlines is not subject to general personal jurisdiction in New York.

### b.      There is No Specific Jurisdiction Over United Airlines.

Likewise, the Western District of New York does not have specific jurisdiction over this litigation as none of the prerequisites of CPLR § 302 are met. Plaintiff's claims do not arise from any business activity United Airlines conducted in the Western District of New York. *See* CPLR § 302(a)(1); *see also Sole Resort, S.A. de C.V. v. Allure Resorts Mgmt., LLC*, 450 F.3d 100, 103 (2d Cir. 2006) ("To establish personal jurisdiction under Section 302(a)(1), two requirements must be met: (1) the defendant must have transacted business within the state; and (2) the claim asserted must arise from that business activity.") (alternations in original). Likewise, the "acts" giving rise to the claim, such as plaintiff's termination, did not occur within New York State. *See* CPLR § 302(a)(2); *see also Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 790 (2d Cir. 1999) (explaining physical presence in New York is a prerequisite). There is also no allegation that Plaintiff's cause of action arises out of ownership, possession or use of any property

owned by United Airlines in New York State. *See* CPLR § 302(a)(4); *see also Elsevier, Inc. v. Grossman*, 77 F. Supp. 3d 331, 345 (S.D.N.Y. 2015).

Section 302 permits a court to exercise personal jurisdiction over a non-domiciliary who commits a tortious act outside of New York State, "causing injury to person or property *within* the state" provided the corporation engages in regular business or conduct within the state or should reasonably expect the act to have consequences within the state. *See* CPLR § 302(a)(3). However, in determining "whether the injury in New York is sufficient to warrant § 302(a)(3) jurisdiction" courts must generally apply a situs-of-injury test to locate the "original event which caused the injury." *Lear v. Royal Caribbean Cruises Ltd.*, 1:20-cv-4660-GHW, 2021 WL 1299489, at *10 (S.D.N.Y. Apr. 7, 2021) (internal citations omitted). "The situs of the injury is the location of the **original event** which caused the injury, not the location where the resultant damages are felt by the plaintiff." *Id.* at *10 (internal quotations omitted) (emphasis added). Where no activity or occurrence giving rise to the lawsuit took place in the forum state, "specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State." *Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773, 1781 (2017). A plaintiff's "mere residence in New York is insufficient to establish personal jurisdiction over a nondomiciliary defendant under § 302(a)(3)." *DiStefano v. Carozzi N. Am., Inc.*, 286 F.3d 81, 85 (2d Cir. 2001).

Here, no activity or occurrence giving rise to Plaintiff's lawsuit occurred in New York. Plaintiff's employment was in New Jersey. (*See* Dkt. No. 10, ¶¶ 1-3, pp. 7-8; Karpierz Decl., ¶ 3). Plaintiff was based out of New York City in 2015 and New Jersey from 2016 until her termination, *i.e.*, during the times of the allegations in the Amended Complaint. (Karpierz Decl., ¶ 3. *See* Dkt. No. 10). Her causes of action are based on alleged acts that occurred in New Jersey, or otherwise outside of New York. (*See generally* Dkt. No. 10). The final incident occurred on a flight between

London and New Jersey, and the investigation that led to her termination occurred in New Jersey. (Karpierz Decl., ¶ 8. *See* Dkt. No. 8).  The only nexus with New York is that Plaintiff lives there. Even if she commuted from the Western District of New York to work in New Jersey, this is insufficient to subject United Airlines to specific jurisdiction in this district. *See Banks v. Am. Airlines*, No. 19-CV-04026-JSC, 2019 WL 5579479, at *4 (N.D. Cal. Oct. 29, 2019) (no specific personal jurisdiction over airline in California in case brought by flight attendant who lived in California, was based out of Arizona, and alleged discrimination occurring in North Carolina and Arizona); *Coffey v. Mesa Airlines Inc.*, No. CV183688DMGPLAX, 2019 WL 4492952, at *6 (C.D. Cal. Apr. 15, 2019) (no specific personal jurisdiction over airline in California in suit brought by pilot who lived in California but was based out of Texas when challenging employment decisions made by managers in Texas and Arizona), *aff'd*, 812 F. App'x 657 (9th Cir. 2020); *Agher*, 2018 WL 6444888, at *2 (no specific personal jurisdiction in California over airline in case brought by pilot who lived in California but was based out of Texas, who alleged discrimination occurring on a flight between Florida and Washington, D.C. and during subsequent meetings in Texas, and who was terminated by a Texas-based supervisor); *South v. GoJet Airlines, LLC*, No. 4:12-cv-00378-JEG, 2013 WL 6253582, at *6 (S.D. Iowa Sept. 30, 2013) (Iowa court lacked specific personal jurisdiction over airline in FMLA case brought by pilot who lived in Iowa but was based out of Illinois where decision to terminate was made in Missouri).

    For all of the foregoing reasons, United Airlines is not subject to this Court's personal jurisdiction and the case should be dismissed on that basis. *See Hardin v. United Airlines*, No. H-20-3893, 2021 WL 3771768, at *2-*3 (S.D. Tex. Jul. 15, 2021) (granting motion to dismiss for lack of personal jurisdiction in Texas where United Airlines has a hub, unlike New York).

### 2.      Venue is Not Proper in the Western District of New York

Fed. R. Civ. P. 12(b)(3) provides for dismissal of a complaint for improper venue.  As with a Rule 12(b)(2) motion, on a motion for improper venue, "the plaintiff bears the burden of establishing that venue is proper." *Cold Spring Harbor Lab. v. Ropes & Gray LLP*, 762 F. Supp. 2d 543,551 (E.D.N.Y. 2011) (internal citations omitted); *see also Zaltz v. JDATE*, 952 F. Supp. 2d 439, 447 (E.D.N.Y. 2013) ("To survive a Rule 12(b)(3) motion to dismiss, the plaintiff has the burden of pleading venue.")   On a motion to dismiss for improper venue, the Court may consider evidence outside of the pleadings. *See Zaltz*, 952 F. Supp. 2d at 447. Although a plaintiff receives the benefit of all reasonable inferences on a motion to dismiss, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *See Smith v. Reg'l Plan Ass'n, Inc.*, 10 Civ. 5857(BSJ)(KNF), 2011 WL 4801522, at *3 (S.D.N.Y. Oct. 7, 2011) (citing *Ashcroft*, 556 U.S. at 678).   "[V]ague, conclusory pleadings are insufficient to withstand a motion to dismiss a complaint for failure to state a claim upon which relief may be granted." *Saidin v. New York Dep't of Educ.*, 498 F. Supp. 2d 683, 688 (S.D.N.Y. 2007).

Claims brought under the ADEA are governed by the general venue provision set forth in 28 U.S.C. § 1391. *See, e.g., Holmes v. Romeo Enterprises, LLC*, No. 15-CV-3915 (VB), 2015 WL 10848308, at *3 (S.D.N.Y. Nov. 2, 2015) (noting that "[n]otwithstanding the [ADEA's] reference to 'any court of competent jurisdiction,' the general venue provision in Section 1391(b) still applies" to ADEA claims).  Under the general venue provision, a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred ...; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).  When a plaintiff brings an action in a district where venue is improper, the Court must either dismiss the action or transfer it to a district court where venue is proper.  *See* 28 U.S.C. § 1406(a); *Atl. Marine Constr. Co., Inc. v. U.S. District Court for the W. Dist. Of Tex.*, 134 S. Ct. 568, 578 (2013).

For the Western District of New York to be the proper venue, Plaintiff must show that at least one of the three conditions in 28 U.S.C. § 1391(b) is met. *See, e.g., Thomas v. Janssen Pharms., Inc.*, 2021 WL 3511101, at *1 (S.D.N.Y. July 14, 2021) (finding improper venue where Plaintiff does not allege that "defendants reside within New York State and at least one defendant resides within this federal judicial district, or that a substantial part of the events or omissions giving rise to his claims arose in this federal judicial district, venue is not proper in this court"). Plaintiff, however, has failed to assert any basis for filing this action in the Western District of New York *in any of her Complaints*.  She does not allege that United Airlines resides in the District, but correctly states that United Airlines resides in Illinois. (*See* Dkt. No. 10, ¶ 2). *See Fahiym Abdul Wasi v. TransUnion*, 21CV-9900 (LTS), 2021 U.S. Dist. LEXIS 233182, at *2-*3 (S.D.N.Y. Dec. 6, 2021) (finding venue improper when plaintiff failed to allege any facts suggesting that defendant resided in the district). A review of the Amended Complaint confirms that the alleged discriminatory acts did not take place in New York.  (*See* Dkt. No. 10, pp. 7-8). *See Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 357 (2d Cir. 2005) (finding the "substantial" requirement under the statute "means for venue to be proper, *significant* events or omissions *material* to the plaintiff's claim must have occurred in the district in question, even if other material events occurred elsewhere.").  Indeed, the only references to New York are Court's name in the case caption and

Plaintiff's address. (*See* Dkt. No. 10, ¶ 1). *See Burmaster v. Pfizer Inc.*, 17CV1290V, 2018 WL 5779133 at *8 (W.D.N.Y. Apr. 23, 2018) ("[V]enue is determined by where the <u>defendant</u> resides, and not where plaintiff resides or plaintiff's desired forum.") (alternations in original). Accordingly, not one of the conditions in 28 U.S.C. § 1391(b) are present in this case.

a.      **United Airlines Does Not Reside in the Western District of New York**

For venue purposes, "venue is determined by where the defendant resides, and not where plaintiff resides or plaintiff's desired forum." *See Burmaster*, 2018 WL 5779133 at *8 (alternations in original). A defendant corporation generally resides "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." *See* 28 U.S.C. § 1391 (c)(2).   Where a state has more than one judicial district, a defendant corporation generally "shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State." 28 U.S.C. § 1391(d).   However, as discussed at length above, United Airlines is not subject to personal jurisdiction in New York. *See supra* Section C(1).

Plaintiff does not allege that United Airlines resides in the District or that there is any connection to the District whatsoever other than her own address. (*See* Dkt. No. 10). *See Fahiym Abdul Wasi,* 2021 U.S. Dist. LEXIS 233182, at *2-*3 (finding venue improper when plaintiff failed to allege any facts suggesting that defendant resided in the district). Rather, Plaintiff alleges that United Airlines resides in Illinois. *See* Dkt. No. 10, ¶ 2. In any event, United Airlines is a Delaware corporation that is headquartered in Chicago, Illinois. (*See* Karpierz Decl. ¶ 11)   It has not employed any individuals within the Western District of New York from May 2021 to present[7]

---

[7] Jurisdiction is assessed at the time the action is commenced.  *See, e.g., Powell*, 2018 WL 3511101, at *3 - *7.

and, otherwise, does not have sufficient contacts to subject it to personal jurisdiction here. (*Id.* at ¶¶ 3, 11-13; *see supra* Section C(1)).

### 3.   None of the Alleged Acts or Omissions Giving Rise to this Litigation Occurred in New York

Under subsection 1391(b)(2), venue is proper in any judicial district in which "a substantial part of the events or omissions giving rise to the claim occurred…." 28 U.S.C. § 1391(b)(2).  In this case, the Amended Complaint does not allege any acts or omissions by United Airlines occurred in New York. Indeed, the discriminatory conduct alleged in the Amended Complaint took place either in Newark, New Jersey, or other locations outside of New York. (*See generally* Dkt. No. 10).  Indeed, the conduct on which her causes of action rely, including her termination, all occurred outside of New York.  (*See* Dkt. No. 10; Karpierz Decl., ¶¶ 3-10).  Thus, Plaintiff's allegations fall far short of the "substantial events or omissions" that are required for venue in this District to be proper under section 1391(b)(2). *See Gulf Ins. Co.*, 417 F.3dat 357  (finding the "substantial" requirement under the statute "means for venue to be proper, significant events or omissions material to the plaintiff's claim must have occurred in the district in question, even if other material events occurred elsewhere.").  Accordingly, the second prong of section 1391(b) is not met.[8]

### <u>CONCLUSION</u>

For the reasons set forth above, Defendant United Airlines asks that this Court dismiss Plaintiff's Amended Complaint in its entirety, with prejudice, and requests all other appropriate relief.

---

[8] 28 U.S.C. § 1391(b)(3) states that "a civil action may be brought in . . . if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."  However, as discussed in Section C(1), United Airlines is not subject to this Court's personal jurisdiction. (*See supra* Section C(1)).

Dated: Fairport, New York
   December 29, 2021

         LITTLER MENDELSON, P.C.


         By: */s/ Pamela S.C. Reynolds*
            Pamela S.C. Reynolds, Bar No. 4549960
            preynolds@littler.com
            375 Woodcliff Drive
            Suite 2D
            Fairport, NY  14450
            Telephone:  585.203.3400
            Facsimile:  585.203.3414

         *Attorneys for Defendant*